UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HASSON WILSON,

    *Plaintiff*,

    -against-

REYNOLDS AMERICAN INC.,

    *Defendant*.
----------------------------------X

**MEMORANDUM & ORDER**

19-CV-06223(KAM)(LB)

**MATSUMOTO, United States District Judge**:

On October 30, 2019, plaintiff Hasson Wilson ("plaintiff"), currently incarcerated at Great Meadow Correctional Facility, filed this *pro se* action alleging personal injury against defendant pursuant to the court's diversity jurisdiction. (ECF No. 1, Compl. 2.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint with prejudice.

**BACKGROUND**

Plaintiff alleges that on September 23, 2016, he "bought a pack of Newport 100 cigarettes from a local corner store . . . which were defective," and "inflicted injury to [his] left lung." (Compl. 3.) Plaintiff further alleges that he was admitted to Interfaith Hospital where he was diagnosed

1

and treated for "spontaneous tension pneumothorax." (*Id.*) Plaintiff contends that his illness was caused by "defective cigarettes manufactured by Reynolds American Inc." (*Id.*) He seeks $30 million in damages. (*Id.* 4.) This is plaintiff's third action related to the purchase of the Newport cigarettes on September 23, 2016. In two prior separate actions, plaintiff sued the store owner where he bought the cigarettes for allegedly selling him counterfeit cigarettes, *see Wilson v. Doe*, No. 19-CV-4539 (E.D.N.Y. dismissed Nov. 12, 2019), and he sued the Newport Cigarette Company, *see Wilson v. Newport Cigarette Co.*, No. 19-CV-4540 (dismissed Oct. 16, 2019).

**STANDARD OF REVIEW**

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Nonetheless, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016); *City of N.Y. v. Mickalis Pawn Shop LLC*, 645 F.3d 114, 125-26 (2d Cir. 2011). A plaintiff bears the burden of establishing subject matter jurisdiction over his own claims. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, plaintiff brings this action pursuant to the court's diversity jurisdiction which allows a state law claim to proceed in federal court if the

3

plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff alleges that the parties are of diverse citizenship, but he has not alleged a good faith basis for the $30 million amount that he seeks. (Compl. at 5.) "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Kingsley v. BMW of North America LLC*, No. 12 CV 3097, 2012 WL 2830027, at *2 (E.D.N.Y. July 10, 2012). The amount in controversy must be non-speculative in order to satisfy the statute. Plaintiff fails to set forth a good faith basis for the $30 million he seeks to recover.

The court notes that plaintiff has pivoted from his claim that he was sold "fake" cigarettes, *see Wilson v. Newport Cigarette Co.*, No. 19-CV-4540, to now alleging that he was sold "defective" cigarettes by the defendant manufacturer, Reynolds American, Inc. It appears that plaintiff is relying on the court's language from the Memorandum and Order in *Wilson v. Newport Cigarette Co.*, No. 19-CV-4540, in asserting his claim

4

against Reynolds American, Inc.[1] Moreover, plaintiff's claim that the cigarettes he smoked on September 23, 2016 were defective is conclusory. He provides no factual allegations explain why or how the cigarettes were defective or how any alleged defect was the proximate cause of his alleged injuries. The "mere fact of injury does not entitle the (person injured) to recover . . . there must be something wrong with the product." *DeRosa v. Remington Arms Co.,* 509 F.Supp. 762, 769 (E.D.N.Y. 1981) (citation omitted). Plaintiff has not identified any specific design or manufacturing defect that was unique to the cigarettes he smoked on September 23, 2016, that could give rise to a plausible products liability claim against defendant.

Finally, plaintiff's complaint is defective for the additional reason that his claim is time-barred. New York law establishes a three-year limitations period to commence an action to recover damages for a personal injury. N.Y. C.P.L.R.

---

[1] In the Memorandum and Order in *Wilson v. Newport Cigarette Co.*, No. 19-CV-4540, the court wrote:

> The court also considers whether plaintiff can proceed under the diversity jurisdiction statute, 28 U.S.C. § 1332, but finds that he has not provided facts sufficient to invoke the court's diversity jurisdiction. Plaintiff does not make any plausible allegations against defendant Newport Cigarette Company. For example, plaintiff does not allege that defendant manufactured defective cigarettes and that such defective cigarettes caused plaintiff's injury. Rather, plaintiff alleges that certain stores are selling "fake" cigarettes based on a television news report, but he does not attribute any conduct to defendant Newport Cigarette Company.

(Order 5.)

5

§ 214.  Moreover, "the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier."  *Id.* § 214-c(2).  Plaintiff filed this complaint on October 30, 2019, and unequivocally alleges that he both sustained *and* discovered injuries resulting from the purportedly defective design of Reynolds American, Inc.'s cigarettes on September 23, 2016, more than three years prior to filing suit.  Accordingly, plaintiff's complaint is also dismissed on the grounds that it runs afoul of the applicable statute of limitations.

**CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  The complaint is dismissed with prejudice because plaintiff's claim is time-barred, and therefore, any amendment would be futile.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

6

taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The court further notes that the instant dismissal constitutes at least the third time in which a complaint filed by plaintiff, while proceeding *in forma pauperis*, has been dismissed with prejudice. *Wilson v. Doe*, No. 19-CV-4539 (E.D.N.Y. dismissed Nov. 12, 2019); *Wilson v. Newport Cigarette Co.*, No. 19-CV-4540 (dismissed Oct. 16, 2019). The Clerk of Court is respectfully directed to send a copy of this Order to plaintiff and note service on the docket.
**SO ORDERED.**

Dated:    January 24, 2020
          Brooklyn, New York

                                                /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge